**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 18-cv-01339-GPG
(**The above civil action number must appear on all future papers sent to the court in this action.   Failure to include this number may result in a delay in the consideration of your claims.**)

STEPHEN JOHN NALTY aka STEPHEN-JOHN: NALTY,
and any other yet to be identified Claimant(s),

    Plaintiff,

v.

UNITED STATES,
UNITED STATES ARMY,
JUDICIAL BRANCH OF US GOV,
FEDERAL BUREAU OF INVESTIGATION,
JAMES COMEY,
FBI DENVER INCORPORATED,
RYAN N. ENGLISH,
CHRISTIAN BYRNE,
MATTHEW DAHL,
WILLIAM GALLEGOS,
10TH U.S. DISTRICT COURT, COLORADO,
MARCIA SMITH KRIEGER,
R. BROOKE JACKSON,
JEFFREY P. COLWELL,
10TH U.S. ATTORNEY, COLORADO,
JEFFREY DORSCHNER,
KEVIN T. TRASKOS,
STATE OF COLORADO,
JOHN W. HICKENLOOPER,
JOSEPH A. GARCIA,
CYNTHIA COFFMAN,
ROBERT S. SHAPIRO,
WAYNE W. WILLIAMS,
COLORADO STATE PATROL,
NATHAN GARRARD,
2ND JUDICIAL DISTRICT COURT, COLORADO,
MICHAEL ANTHONY MARTINEZ,
MARTIN F. EGELHOFF,
MICHAEL J. SPEAR,
J. ERIC ELLIFF,
2ND JUDICIAL DISTRICT ATTORNEY,
BETH MCCANN,
MICHAEL MITCHELL MORRISSEY,

1

DENVER COUNTY COURT INCORPORATED,
ALFRED CONWAY HARRELL,
FREDERICK BARKER RODGERS,
DENVER SHERIFF DEPARTMENT,
PATRICK FIRMAN,
DENVER POLICE DEPARTMENT,
ROBERT C. WHITE,
ADAMS COUNTY SHERIFF DEPARTMENT,
MICHAEL MCINTOSH,
COLORADO DEPARTMENT OF CORRECTIONS, INC.,
DENVER RECEPTION & DIAGNOSTIC CENTER,
CORRECTION CORPORATION OF AMERICA,
CORECIVIC CORPORATION,
CROWLEY COUNTY CORRECTIONAL FACILITY, INC.,
MICHAEL MILLER,
all et al. ENS LEGIS,
and any other yet to be identified Defendant(s),

    Defendants.

## ORDER DIRECTING PLAINTIFF TO CURE DEFICIENCIES

    Plaintiff is an inmate at the Crowley County Correctional Facility in Olney Springs, Colorado, and has submitted *pro se* a document entitled "Claim for Trespass."  (ECF No. 1).

    Plaintiff has named the "JUDICIAL BRANCH OF US GOV" and also the "10th U.S. DISTRICT COURT, COLORADO" located at the address of this Court as Defendants in this action.   While a judge should disqualify himself or herself if he or she "[i]s a party to the proceeding," 28 U.S.C. § 455(b)(5)(i), the statute must be read in light of a judge's "duty to sit" on cases filed with the court.   *Switzer v. Berry*, 198 F.3d 1255, 1257 (10th Cir. 2000) (citations omitted).   Furthermore, "under the 'rule of necessity,' a judge is qualified to decide a case, even if he or she would normally be impeded from doing so, when 'the case cannot be heard otherwise.'"   *Id.* at 1258 (quoting *United States v. Will*, 449 U.S. 200, 213 (1980)).

Plaintiff's effort in naming defendants in such a broad, all-encompassing manner appears to be an attempt to name as a defendant essentially any of the judges of this Court and/or any of the federal judiciary in general who may be assigned to this case. Under these circumstances, the rule of necessity would provide that this lawsuit "does not operate automatically to render the court unable to hear and decide" the case.  *Id.* Accordingly, the undersigned is not compelled to recuse from this action because the case cannot be heard otherwise.

With regard to Plaintiff's indication in the caption of "and any other yet to be identified Claimant(s)," Plaintiff is advised that he may not represent anyone else in this case.  28 U.S.C. § 1654 (a *pro se* litigant may not represent another *pro se* litigant in federal court); *see also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing 28 U.S.C. § 1654).   Each Plaintiff who does not have an attorney may represent himself or herself only and must sign his or her own filings individually as required by Rule 11 of the Federal Rules of Civil Procedure.   Failure to comply with the Federal Rules of Civil Procedure may result in sanctions.  *Sieverding v. Colorado Bar Ass'n.*, 237 F. App'x 355, 358 (10th Cir. 2007) ("Parties who file lawsuits on a pro se basis must comply with the provisions of Rule 11."); *Green v. Dorrell*, 969 F.2d 915, 917 (10th Cir. 1992) (pro se litigants "must follow the same rules of procedure that govern other litigants").

Additionally, pursuant to 28 U.S.C. § 1914, the Plaintiff must either pay the $400.00 filing and administrative fees for this action or the Plaintiff must request that he be allowed to proceed without prepayment of fees and costs under 28 U.S.C. § 1915 through use of the proper Court-approved forms and required supporting documentation.

Finally, pursuant to Rule 5.1(c) of the Local Rules of Practice of the United States District Court for the District of Colorado – Civil, "[i]f not filed electronically, an unrepresented prisoner or party shall use the procedures, forms, and instructions posted on the court's website."  Therefore, Plaintiff will be directed to file his pleading on the current Court-approved Prisoner Complaint form which was revised in December 2017.

As part of the Court's review pursuant to D.C.COLO.LCivR 8.1(b), the Court has determined that the document filed by Plaintiff on May 31, 2018 is deficient as described in this Order.  Plaintiff is directed to cure the following if he wishes to pursue any claims in this action.  Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.

**28 U.S.C. § 1915 Motion and Affidavit**:
(1) **XX** **is not submitted; Plaintiff is required to submit a 28 U.S.C. § 1915 Motion and Affidavit utilizing the Court's current approved form**.
(2) ___ is missing affidavit
(3) **XX** **is missing certified copy of Plaintiff's trust fund statement for the 6-month period immediately preceding this filing.**
(4) ___ is missing certificate showing current balance in prison account
(5) ___ is missing required financial information
(6) **XX** **is missing a signed and dated authorization form to calculate and disburse filing fee payments**
(7) ___ is missing an original signature by the prisoner
(8) ___ is not on proper form
(9) ___ names in caption do not match names in caption of complaint, petition or habeas application
(10) **XX** **other: A § 1915 motion and supporting documents is necessary only if the filing and administrative fees totaling $400.00 are not paid by the Plaintiff in advance**.

**Complaint, Petition or Application**:
(11) ___ is not submitted
(12) **XX** **is not on proper form; under the Court rules at D.C.COLO.LCivR 5.1(c), Plaintiff must use this Court's current approved Prisoner Complaint form**.
(13) ___ is missing an original signature by the prisoner
(14) ___ is missing page nos. ___
(15) **XX** **uses et al. instead of listing all parties in caption**
(16) ___ names in caption do not match names in text
(17) ___ addresses must be provided for all defendants/respondents in "Section A.

|      |     | Parties" of complaint, petition or habeas application |
|------|-----|---|
| (18) | ___ | other: _____ . |

Accordingly, it is

ORDERED that Plaintiff cure the deficiencies designated above **within thirty (30) days from the date of this Order**.   Any papers that Plaintiff files in response to this Order must include the civil action number on this Order.   It is

FURTHER ORDERED that Plaintiff shall obtain the Court-approved Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 form and Prisoner Complaint form, along with the applicable instructions, at www.cod.uscourts.gov.   The Plaintiff is required to utilize the Court-approved forms to cure the deficiencies noted in this Order.   Plaintiff is advised that the Prisoner's Motion and Affidavit for Leave to Proceed Pursuant to 28 U.S.C. § 1915 and supporting documents are necessary only if the Plaintiff does not pay the $400.00 filing and administrative fees.   It is

FURTHER ORDERED that, if Plaintiff fails to cure all of the designated deficiencies **within thirty (30) days from the date of this Order**, the action will be dismissed without further notice.   The dismissal shall be without prejudice.

DATED June 1, 2018, at Denver, Colorado.

BY THE COURT:

_____
Gordon P. Gallagher
United States Magistrate Judge